COOPERATIVA CAFETEROS DE PUERTO RICO, Petitioner, *v.* SUPERIOR COURT, MAYAGÜEZ PART, FRANK VIZCARRONDO VIVAS, JUDGE, Respondent. THE PEOPLE OF PUERTO RICO, Intervener.

No. 2027. Argued February 1, 1954.—Decided April 14, 1954.

---

*Francisco Parra Toro* and *Pedro E. Muñiz Ramos* for petitioner. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for intervener.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

A complaint was filed in the district court charging the Cooperativa Cafeteros de Puerto Rico, Inc. and Francisco Pons, its employee, with a violation of § 15 of Act No. 135

of August 18, 1913, as amended by Act No. 60, Laws of Puerto Rico, 1936.[1] The complaint charged that the Cooperativa "whose principal business is the sale of coffee, illegally and wilfully sold, through its employee, Francisco Pons, 10 pounds of ground coffee to Sergio Rivas Silva, giving him in said commercial transaction short weight, inasmuch as this complainant, in testing the weight of the said article, found that each of the packages had a deficiency of: 14, 20, 26, 12, 22, 17, 18, 12, 12 and 19 grams, totalling 172 grams equal to 6 ounces and 4 grams."

The district court overruled the contentions of the defendant as to the sufficiency of the complaint. It heard the case on the merits, acquitted Francisco Pons, convicted the Cooperativa, and fined the latter $50. The Cooperativa appealed to the Superior Court, which affirmed the judgment of the district court. We granted certiorari to review the judgment of the Superior Court.

The first assignment is that "The lower court erred in holding that a complaint for a violation of the Law of Weights and Measures states sufficient facts in spite of the fact that there is not alleged in it the tolerance permitted by the regulations of the Bureau of Weights and Measures, inasmuch as in so holding the trial court took judicial notice of the said regulations."

---

[1] Section 15, as amended, reads as follows:

"No person shall give, or permit to be given, any false or short weight or measure in the purchase, sale, transfer, or transportation of any goods, wares, or merchandise, or in the purchase or sale of any work, task, or service, the value of which is computed by the use of measures of weight or any other measure except that of time, and no person shall use, or permit to be used, any false weight or measure, in any industrial, commercial, or agricultural transaction as basis for compensation in the purchase, sale, transfer, or transportation of any goods, wares, or merchandise, or in the purchase or sale of any work, task, or service, the value of which is computed by the use of measures of weight or any other measure except that of time, nor shall he keep, or permit to be kept, in his commercial, industrial, or agricultural establishment such false weight or measure."

The theory of the Cooperativa is that inasmuch as Act No. 135, as amended, empowers the promulgation of regulations providing for tolerances in the weights of certain articles, it was necessary to allege affirmatively in the complaint that a regulation exists to the effect that coffee is a product in which no such tolerance is permitted. According to the defendant, by upholding the sufficiency of the complaint, the Superior Court was in effect taking judicial notice of the regulations as to coffee, in violation of our holding in *People* v. *Cuadrado*, 27 P.R.R. 767, and *People* v. *G. Garau & Co.*, 29 P.R.R. 970.

Section 15 as amended makes it an offense to sell certain products in short weight. The complaint herein alleges that, in violation of § 15, coffee was sold by the defendant in short weight. We therefore think the complaint states an offense under § 15. We assume, without deciding, that in the case of a product where the regulations permit some tolerance, an allegation with reference thereto would be required in the complaint. *Cf. People* v. *Mulero*, 32 P.R.R. 827. But the regulations provide that no tolerance is permitted for coffee. Under those circumstances we can not agree that, in order to state a violation of § 15 by selling coffee in short weight, the complaint must affirmatively allege that under the regulations coffee is a product for which no tolerance is permitted.

We rejected a similar contention in *People* v. *Guerra*, 55 P.R.R. 801, where we said at p. 803:

"As the basis for his appeal to this Court, the defendant alleges in the first place that the complaint does not state facts constituting the offense with which he was charged. According to the defendant, the complaint should have expressed the tolerance permitted by law for lack of weight. The rules adopted for the execution of the law expressly provide, referring to coffee, that due to the fact that this is an article which absorbs humidity and gains in weight *'there shall not be any permissible variation for lack of weight.'* (Italics supplied.)

"As the rules in question do not permit any tolerance whatsoever for lack of weight, the complaint complies with the legal requisites when it does not refer to the supposed tolerance."

■ Although we made no specific statement to that effect, in our holding in the *Guerra* case we necessarily took judicial notice as a matter of law of the existence of the regulations as to coffee. We were correct in taking those regulations, which have the force of law, into consideration in determining whether the complaint stated facts sufficient to constitute a crime. We think this was proper under § 398, Code of Civil Procedure, 1933 ed., which provides that "Courts shall take judicial notice of . . . Official acts of the legislative, executive, and judicial departments of Porto Rico and of the United States." See *Lluberas* v. *Mario Mercado e Hijos*, 75 P.R.R. 7; *People* v. *Rivera*, 67 P.R.R. 175, 178–9; Morgan, *Judicial Notice*, 57 Harv. L.Rev. 269; IX Wigmore *On Evidence*, 3d ed., § 2565, *et seq.*; Rule 802, *Model Code of Evidence*, A.L.I.; Davis, *Official Notice*, 62 Harv.L.Rev. 537. *People* v. *Cuadrado*, *supra*, and *People* v. *G. Garau & Co.*, *supra*, and subsequent cases relying on them, which held that similar regulations must be introduced in evidence at the trial in order to warrant conviction for violation thereof, were mistakenly decided and are overruled.[2]

■ The second assignment is that "The lower court erred in overruling a demurrer to the complaint based on the fact that it was not alleged that the coffee was weighed on an official scale known as 'Model'." On this point the defendant argues that "We base our contention on § 9 of Act No. 135 of 1913, which is the Act of Weights and Measures, as amended, on which the complaint in the above-entitled

---

[2] *Escobar* v. *Gámbaro et al.*, 22 P.R.R. 528, and *Lowande* v. *García*, 13 P.R.R. 263, involved a different question. In these cases the question was whether under the circumstances the court could take judicial notice of certain *facts* outside the record of those cases. Here the issue is whether the courts should take judicial notice of regulations which have the force of *law*. *Cf. Davis, supra*.

case is predicated. Section 9 provides that there shall be kept in the Office of the Secretary of Puerto Rico a complete set of weights and measures as official standards which shall be furnished to the district chief or any other police official in order to be utilized in the testing of weights necessary to put the Act into effect. From a reading of the complaint it can not be determined that the coffee was weighed by using the scale of the Bureau of Weights and Measures."

We can not agree. The complaint states an offense under § 15. The question of what scale was used to establish the short weight, if any, is purely a question of evidence which could arise only at the trial.

■■ The third assignment reads as follows: "The trial court erred in convicting the petitioner in spite of the fact that it was shown upon reweighing the coffee in open court that it weighed more." On this error the defendant makes the following argument:

"It is an established scientific principle that whatsoever absorbs moisture also expels it, depending on atmospheric conditions. In humid weather it is natural and logical for coffee to absorb moisture. It is also natural that such moisture be expelled if the weather is dry and hot. This being so, it is necessary to conclude that the coffee involved herein could have weighed one pound net when packed, and could thereafter have weighed less than one pound, due to weather conditions. Subsequently, when reweighed in open court, the coffee weighed much more than one pound. No other conclusion could be reached in view of the fact that, according to the uncontroverted testimony of the petitioner, its coffee is weighed on a scale duly tested and sealed by the Bureau of Weights and Measures."

The fourth assignment is that the Superior Court "erred in holding that the uncontroverted testimony of the petitioner, to the effect that at the time of packing the coffee is weighed on a scale duly tested and sealed by the Bureau of Weights and Measures, is immaterial." The argument of the petitioner as to this error reads as follows:

"As the petitioner complied strictly with the regulations of the Bureau of Weights and Measures in submitting to inspection by the said Bureau, which regularly tests its weighing equipment, sealing the same, it is illogical to charge it with the crime of selling coffee in short weight, since this implies that the testing of the scales of the petitioner periodically by the Bureau of Weights and Measures is erroneous. Once the coffee is weighed and packed in the bag, Cafeteros de Puerto Rico has no control over the variation in the weight of the said coffee, especially after it is sold by Cafeteros. In addition to variation in weight, there is always the possibility of loss by the tearing of the paper bags or by the method of storage of the coffee by merchants.

"We understand, respectfully, that testimony to the effect that the regulations of the Bureau of Weights and Measures were complied with when the petitioner submitted to inspection on the part of the Bureau, and testimony to the effect that the Bureau tests and seals the scales of the petitioner, not only is pertinent but of great importance for the petitioner, and that the lower court committed error in not considering the said testimony."

The Assistant *Fiscal* of this Court argues the third and fourth assignments of error together. We agree with his argument, which reads as follows:

"We have examined the record before this Court and in our opinion it shows that the judgment entered by the District Court of Puerto Rico, Mayagüez Section, and affirmed by the Superior Court of the same town is amply sustained by the testimony. A reading of the statement of the case prepared by the Judge who conducted the trial in the District Court makes it clear that the testimony of the government clearly established the commission of the crime charged. The said statement also shows that the defendant did not challenge the charge made by the government witnesses, limiting itself 'to explain the procedure utilized by the corporation, Cafeteros de Puerto Rico, to weigh the coffee in Ponce.' We do not know, because it does not appear from the record, of what that procedure consisted. But even assuming that it consisted of weighing the coffee on a scale duly tested by the Bureau of Weights and Measures when packing the coffee, that circum-

stance does not negative the criminal facts alleged. The scale could have been duly tested, but as a question of fact coffee short in weight could have been sold.

"As to the point that a conviction was erroneous 'in spite of the fact that it was established by a reweighing which took place in open court, that the confiscated coffee weighed more,' it need only be said that the fact that a reweighing took place in open court with a favorable result to the defendant does not mean that the crime was not committed on the date charged in the complaint. As the Superior Court aptly stated, quoting the District Court: 'There are many factors that might have had an effect on this same coffee, which was weighed later during the hearing of the case, causing alterations in its weight, and the District Court acted correctly in deciding the case by taking into consideration the weight of the said product on the day on which the commercial transaction which is the object of this complaint, took place, that is, on November 29, 1951, and not on the basis of the weight of the coffee on the day of the hearing of this case.' "

We add that the summary of the evidence of the district court recites that José Cruz Chacón, the inspector, testified that "on the day of the events in question he visited the establishment of Sergio Rivas Silva and the latter asked him to reweigh the 10 lbs. of ground coffee which he had purchased *a few moments previously* from Mr. Francisco Pons, employee of the Cooperativa Cafeteros de Puerto Rico, which he proceeded to do on the model scale of the Bureau of Weights and Measures" with the results already noted. (Italics ours.) We therefore think there is no basis under the circumstances of this case for the argument of the defendants that the coffee "would have weighed one pound net when packed and could thereafter have weighed less than one pound, due to weather conditions." To agree with the defendants would require us to hold that coffee, packed hot and dry, had been purchased by Sergio Rivas Silva and then in the next few minutes, without the packages being opened, had lost weight because it had become even hotter and drier. We find nothing in the record to support this conclusion.

In view of the foregoing, the third and fourth errors were not committed.

The writ of certiorari will be discharged.